NO. 07-02-0161-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 7, 2003

_____

SHAWN JOSEPH RICHARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 339TH DISTRICT COURT OF HARRIS COUNTY;

NO. 884612; HONORABLE CAPRICE COSPER, JUDGE

_____

**MEMORANDUM OPINION**[1]

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

Upon a plea of not guilty, appellant Shawn Joseph Richard was convicted by a jury of possession of phencyclidine less than one gram and sentenced by the trial court to two

_____

[1]Tex. R. App. P. 47.2(a).

years in a state jail facility. In presenting this appeal, counsel for appellant has filed an *Anders* brief in support of a motion to withdraw and represents no arguable grounds for appeal exist. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The State waived its opportunity to respond to appellant's brief. Based upon the rationale expressed herein, we grant the motion to withdraw and affirm the judgment of the trial court.

On August 8, 2001, officers initiated a traffic stop upon a vehicle in which appellant was riding. Appellant exited the car from the front passenger seat and began to run. In the following pursuit, one of the officers witnessed a red object fall from appellant's person. After apprehending him, officers searched the chase scene and recovered a red bottle cap. Upon searching the vehicle, officers discovered a vanilla extract bottle containing a clear liquid residue in the center console between the driver and front passenger seats. The red bottle cap fit the top of the vanilla bottle. A chemist with the Houston Police Department's Crime lab testified the residue located in the vanilla bottle was phencyclidine and weighed less than a gram. Appellant recounted seeing a vanilla bottle "on the side of the passenger seat," but denied any knowledge it contained narcotics. Additionally, in contrast to the officers' testimony, appellant maintained the red bottle cap was discovered on the floor of the passenger seat.

Before addressing the merits of appellant's case, we first discuss our obligations concerning the accompanying *Anders* brief. *See* Penson v. Ohio, 488 U.S. 75, 80, 109

2

S.Ct. 346, 350, 102 L.Ed.2d 300, 309 (1988). In support of her motion to withdraw, counsel certified she diligently reviewed the record and, in her opinion, it reflected no reversible error or grounds upon which an appeal can be predicated. *Anders*, 386 U.S. at 744. Thus, she concluded the appeal is frivolous.

Additionally, counsel certified she sent a copy of the brief to appellant, and informed him that, in her view, the appeal is without merit. Furthermore, counsel demonstrated she notified appellant of his right to review the record and file a *pro se* brief. By her brief, counsel raised no arguable grounds for appeal. Because appellant has not filed a brief, and the time for filing one has elapsed, we have independently reviewed the entire record to determine whether arguable grounds for appeal exist. *See Penson*, 488 U.S. at 80; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no nonfrivolous issues and agree with counsel that the appeal is without merit.

Accordingly, counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.

> Don H. Reavis
> Justice

Do not publish.